INHABITANTS of NORRIDGEWOCK,

*vs.*

EDWARD SAWTELLE, Administrator.

Somerset.    Opinion August 3, 1881.

*Poor debtor.    Disinterested justice.    R. S., c. 113, § 28.    Recognizance.*

Upon a poor debtor's disclosure on an execution in favor of the inhabitants of a town, a justice who is an inhabitant of the town is not disinterested as required by R. S., c. 113, § 28.

The disclosure of a judgment debtor, as a poor debtor, is not a performance of the conditions of a recognizance given upon an appeal and will not discharge the surety from the liability incurred by entering into such recognizance.

ON REPORT.

The law court to enter such judgment as the law and the facts require.

This was an action of debt on a recognizance to prosecute an appeal from the decision of a trial justice in a civil action, entered into by the defendant's intestate, as surety for the debtor, Gould, in accordance with R. S., c. 83, § 18.

The judgment of the appellate court was for the plaintiffs. Upon this judgment execution issued, and the debtor, Gould, was arrested on it and gave a six month's bond, provided by R. S., c. 113, § 24.

The six months had expired before this action was commenced, within the six months the debtor cited the plaintiff to attend to his disclosure according to c. 113, and the creditor not appearing to select a justice, the officer who arrested the debtor, selected as a justice an inhabitant of the plaintiff town. The justices heard the disclosure and administered the oath prescribed in § 30.

*Walton and Walton*, for the plaintiffs, upon the question considered in the opinion, cited: R. S., c. 83, § 18; *Bates* v. *Tallman*, 35 Maine, 275.

*John H. Webster*, for the defendant.

By the common law the arrest of a debtor on execution, when connected with a release or discharge of the debtor by the creditor, amounted to plenary evidence of satisfaction of the debt; *Miller* v. *Miller*, 25 Maine, 110, and cases there cited.

It is the same now with the exception of cases provided for by statutes, which being in contravention of the common law are to be construed strictly. The debtor Gould was arrested and gave a perfectly good statute bond. He undertook, it is true, to disclose, but one of the justices was one of the creditors, therefore incompetent to sit; R. S., c. 113, § 28. Had the creditor called on the bondsman or sued the bond before it was barred by statute, the whole execution would have been collected and this defendant relieved, § 53.

The defendant's intestate was surety for Gould on his appeal, and as such, liable for the costs arising after the appeal, and after judgment the creditor had his election to collect the cost immediately of the surety, or pursue Gould with the execution until Gould's body should be freed from arrest, or the execution discharged. He has pursued Gould till the execution is discharged. That discharges this defendant as effectually as if the creditor had taken a promissory note for the amount, and discharged the execution with his own hand; *Springer* v. *Toothaker*, 43 Maine, 381; *Cummings* v. *Little*, 45 Maine, 183; *Baker* v. *Briggs*, 8 Pick. 122.

APPLETON, C. J. In a suit pending before a trial justice between the plaintiffs and one M. M. Gould, the latter appealed from the judgment rendered against him. The appellant with the defendant's intestate recognized to the plaintiff, "with condition to prosecute the appeal with effect and pay all costs arising after the appeal" in accordance with R. S., c. 83, § 18.

Judgment having been rendered against Gould in the appellate court, execution issued thereon, Gould was arrested and gave a poor debtor's bond upon which he made or attempted to make a valid disclosure and on which he was discharged by the justices before whom the disclosure was had.

If the disclosure was valid and before a competent tribunal, that would not constitute payment. It would not be a performance of the condition of the recognizance.

The justice chosen by the officer before whom the disclosure was had was an inhabitant of the plaintiff town. He was not disinterested, as by the statute R. S., c. 113, § 28 is required. He could not have acted as juryman between the parties, if objection had been taken to his action. *Hawes* v. *Gustin*, 2 Allen, 403.

The bond was given to procure a release from arrest. "Such bonds," observes SHEPLEY, C. J. in *Bates* v. *Tallman*, 35 Maine, 275, "are only collateral security for the debt; and the creditor may refuse to prosecute them or may discharge them without relinquishing his debt." The liability the defendant incurred by entering into the recognizance upon which this suit has been

brought, has not been discharged. The "costs arising after the appeal" have not been paid.

*Judgment for plaintiffs.*

WALTON, BARROWS, PETERS and LIBBEY, JJ., concurred.

DANFORTH, J., did not sit.